**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-0718-WJM-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$22,000.00 IN UNITED STATES CURRENCY, and
$11,020.00 IN UNITED STATES CURRENCY,

      Defendants,

IVAN SOTELO-TENA,

      Claimant.

---

## ORDER GRANTING CLAIMANT'S MOTION FOR ENTRY OF JUDGMENT

---

      This matter comes before the Court on Claimant Ivan Sotelo-Tena's Motion for Entry of Judgment.  (ECF No. 23.)  On March 10, 2014, the Government filed a Verified Complaint seeking forfeiture of the Defendant property based on Claimant's alleged violations of 21 U.S.C. § 801, *et seq*.  (ECF No. 1.)  On April 22, 2014, Claimant filed a Verified Claim, in which he asserted his ownership over the Defendant property.  (ECF No. 10.)  The Government and Claimant subsequently entered into a settlement agreement whereby Claimant consented to the forfeiture of $8,255.00.  (ECF No. 19.)  Claimant acknowledges his receipt of the remainder of the property, which totals $24,765.00.  (ECF No. 28 at 2.)  Nonetheless, Claimant argues he is "entitled to a judgment in conformance with the Settlement Agreement . . .  to protect his legal title to the United States Currency in question."  (*Id.*)

The Court construes Claimant's Motion as a request for relief under Federal Rule of Civil Procedure 60,[1] which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Because the Claimant's argument as to why the requested relief is warranted does not fall under any of the provisions contained in Rule 60(b)(1)-(5), the Court looks to the "catchall provision" of Rule 60(b)(6).  *U.S. v. Cleaver*, 319 F. App'x 728, 730 (10th Cir. 2009) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007)) (internal quotation marks omitted).  Generally speaking, "[r]elief under Rule 60(b)(6) is

---

[1] Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  In this matter, judgment was entered by the Clerk of the Court on August 19, 2014.  (ECF No. 22.)  Claimant's October 9, 2014 Motion is therefore untimely under Rule 59.  (ECF No. 23.)

extraordinary and may only be granted in exceptional circumstances." *Id.* However, Rule 60(b) provides courts "with a grand reservoir of equitable power to do justice in a particular case." *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (citing *State Bank of S. Utah v. Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996)) (internal quotation marks omitted).  The Court therefore has substantial discretion to grant Claimant relief in this matter.  *Id.*

The Court finds that relief under Rule 60(b) is appropriate here.  The Government and Claimant have already settled this matter with respect to the disposition of the Defendant assets (ECF No. 19), and Claimant has received the funds due to him in full (ECF No. 28).  Claimant does not argue he is entitled to additional funds, or that the Government has otherwise failed to abide by the parties' settlement agreement. Claimant only seeks a formal entry of judgment as to the settlement amount to "protect his legal title" to that amount.  (ECF No. 28 at 2.)  The Court thus finds it appropriate for the Clerk of the Court to amend the judgment in this matter to reflect Claimant's lawful possession of the Defendant funds.

Therefore, for the reasons set forth above, the Court ORDERS that Claimant's Motion for Entry of Judgment (ECF No. 23) is GRANTED, and the Clerk of the Court is directed to amend the judgment (ECF No. 22) in this matter as follows:

1. $22,000.00 of Defendant $22,000.00 shall enter in favor of Claimant Ivan Sotelo-Tena; and

2. $2,765.00 of Defendant $11,020.00 shall enter in favor of Claimant Ivan Sotelo-Tena.

3

Date this 2nd day of February, 2015.

BY THE COURT:

William J. Martínez
United States District Judge